JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Woofin Palooza, LLC; Samantha Miller; Teri Miller; Kassandra Marie Cunningham; Natalie Rose, Desirae Jean Fenske

**(b)** County of Residence of First Listed Plaintiff   Multnomah
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Geordie Duckler, OSB # 873780
9397 sw town st.
Tigard OR 97223   503 546-8052

## DEFENDANTS

Multnomah County

County of Residence of First Listed Defendant   Multnomah
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | 448 Education / 540 Mandamus & Other | 462 Naturalization Application | | |
| | / 550 Civil Rights | 465 Other Immigration Actions | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
County's wrongful retention of plaintiffs' properties

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $3M

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   12/4/20

SIGNATURE OF ATTORNEY OF RECORD
Geordie Duckler

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Oregon 97223
Telephone: (503) 546-8052
Facsimile: (503) 241-5553
geordied@animallawpractice.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| WOOFIN PALOOZA, LLC; SAMANTHA MILLER; JERI MILLER; KASSANDRA MARIE CUNNINGHAM; NATALIE ROSE; and DEZIRAE JEAN FENSKE, | Case no. |
| Plaintiffs, | CIVIL RIGHTS COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES |
| vs. | Statutory Violation of Federal Civil Rights Act (42 U.S.C. Section 1983); Replevin (Fed.R.C.P. 64(b) and ORCP 83) |
| MULTNOMAH COUNTY, a municipality, | JURY TRIAL DEMANDED |
| Defendant. |  |

## NATURE OF THE ACTION

1.      This is a civil rights action brought under federal question jurisdiction to vindicate plaintiffs' rights and to make plaintiffs whole. Plaintiffs are an Oregon corporation and several individuals, all of whom are the sole and exclusive legal owners of valuable animals and other personal properties, the rights in which defendant has violated by defendant's wrongful retention of the properties, and the consequences of which have substantially and adversely affected plaintiffs' rights and interests and which violate federal statutory protections as to plaintiffs' civil rights of due process and ownership of property.

1

JURISDICTION AND VENUE

2        2.        This Court has jurisdiction over the subject matter of this complaint pursuant to

3

28 USC Section 1331 and 1343, based on the action arising under federal statute, specifically 42

4

U.S.C. Section 1983, all as more specifically alleged below.

5        3.        The acts and transactions at issue here all occurred within Multnomah County,

6

Oregon, such that venue for this action is appropriate in the Portland division of the Federal

7

District Court for the District of Oregon under 28 U.S.C. Section 1391 and LR 3-2 b. Divisional

8

9    venue lies with the Portland Division as a substantial part of the events giving rise to the claim

10   occurred within the Portland Division. The Court has supplemental jurisdiction over the state law

11   claim for replevin pursuant to 28 U.S.C. § 1367 because that claim is part of the same case or

12   controversy as plaintiffs' claims under the Constitution and laws of the United States.

13

PARTIES

14       4.        Plaintiff Woofin Palooza, LLC (hereinafter "the corporate plaintiff") is, and at all

15

16   material times herein has been, a domestic limited liability corporation incorporated in Oregon,

17   operating in Multnomah County, Oregon, and the exclusive legal owner of 104 animals and other

18   personal properties identified below as being at issue in this action.

19       5.        Plaintiff Samantha Miller  (hereinafter referred to as "plaintiff S. Miller") is, and

20

at all times herein was, a private individual residing in Oregon and the exclusive legal owner of

21

valuable personal properties in the form of "Keeva", a female terrier mix dog and "Lundy", a

22

male Scottish terrier dog.

23       6.        Plaintiff Jeri Miller  (hereinafter referred to as "plaintiff J. Miller") is, and at all

24

25   times herein was, a private individual residing in Oregon and the exclusive legal owner of

26

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 2

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1   valuable personal properties in the form of "Pixel", a female Yorkshire terrier mix dog,

2   "Dougal", a male poodle mix dog, and "Finnegan", a male Scottish terrier dog.

3       7.      Plaintiff Kassandra Marie Cunningham (hereinafter referred to as "plaintiff

4   Cunningham") is, and at all times herein was, a private individual residing in Oregon and the

5   exclusive legal owner of valuable personal properties in the form of "Ridley", a male poodle

6   dog, "Tali", a female poodle dog, and "Ramsey", a male terrier mix dog.

7

8       8.      Plaintiff Natalie Rose (hereinafter referred to as "plaintiff Rose") is, and at all

9   times herein was, a private individual residing in Oregon and the exclusive legal owner of

10  valuable personal properties in the form of "Zuess", a male English mastiff dog, "Wilson", a

11  male mastidoodle dog, and "Bobble", a five month old kitten.

12      9.      Plaintiff Dezirae Jean Fenske (hereinafter referred to as "plaintiff Fenske") is, and

13  at all times herein was, a private individual residing in Oregon and the exclusive legal owner of

14  valuable personal properties in the form of "Whiskers", a female Yorkshire terrier mix dog and

15  "Tigress", a female terrier Chihuahua mix dog.

16

17      10.     Defendant Multnomah County (hereinafter referred to as "defendant County") is,

18  and at all times herein was, a governmental entity incorporated in the State of Oregon, operating

19  in Multnomah County, Oregon, and acting under color of State law, including through the

20  actions or omissions of a branch or department identified as "Multnomah County Animal

21  Services" (hereinafter referred to as "MCAS"), through the actions or omissions of a branch or

22  department identified as "Multnomah County District Attorney's Office" (hereinafter referred to

23  as "MCDA"), through the actions or omissions of a branch or department identified as

24  "Multnomah County Sheriff's Office" (hereinafter referred to as "MCSO"), and through the

25

26

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 3

1  actions or omissions of the individual officers, agents, servants, and/or employees of each of

2  those branches or departments.

3      11.      At all relevant times, officers of Multnomah County Animal Services, Multnomah

4  County Sheriff's Office, and the Multnomah County District Attorney's Office are alleged to

5  have been acting as agents of defendant County acting in their official capacities, and were

6  working as agents of the County and operating under color of state law and acting in the course

7  and scope of their employment pursuant to authority delegated or conferred by defendant

8

9  County.

10                          <u>GENERAL ALLEGATIONS</u>

11      12.      At all relevant times, the corporate plaintiff and the individual plaintiffs are and

12  have been the exclusive legal owners of numerous items of personal property, specifically in the

13  form of the 13 dogs and cats identified above in paragraphs 5-9 owned by the individual

14  plaintiffs, and the 104 other dogs and cats owned by the corporate plaintiff (hereinafter "the

15  animals"). In addition, at all relevant times, the corporate plaintiff is and has been the exclusive

16  legal owner of corporate documents, desk files, folders, electronic files, computers, animal-

17  related items, and miscellaneous office equipment (hereinafter "the inanimate properties"). All of

18

19  the properties are hereinafter referred to collectively as "plaintiffs' properties".

20      13.      On August 10, 2020, defendant obtained a warrant from the Multnomah County

21  Circuit Court to conduct a search and seizure of "neglected and/or abused animals" at 2310 NE

22  82nd Avenue in Portland, Oregon, a location where plaintiffs' properties were being cared for,

23  maintained, and temporarily housed. Defendant utilized the full assistance and services of

24  MCAS, MCSO, and MCDA in obtaining and executing the warrant.

25

26

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 4

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

14.     The warrant specifically stated in relevant part that "Further, pursuant to the court's authority under ORS 167.345, the court specifically authorizes Multnomah County Animal Services and their agents to impound all neglected animals located on the premises under ORS 167.345(2), with the understanding that Multnomah County Animal Services may use other animal care providers as their agents to help fulfill their obligations under 167.345(4)."

15.     Although state law under ORS 167.345(4)(a) expressly allows that "A court may order an animal impounded under subsection (2) of this section to be held at any animal care facility in the state", the warrant did not so order any of the animals impounded "to be held at any animal care facility in the state."

16.     On August 11, 2020, defendant then physically seized all of plaintiffs' properties from where they were being cared for, maintained and temporarily housed at 2310 NE 82nd Avenue in Portland, Oregon. Defendant failed to comply with the specific directions of the warrant to only seize "neglected and/or abused animals", and instead seized each and every animal on the premises regardless of whether the animal was or was not "neglected and/or abused". Defendant, utilizing the full assistance of MCAS, MCSO, and MCDA, had the time, resources, knowledge, power, and opportunity to make careful and responsible determinations of whether any particular animal on the premises was "neglected and/or abused", but failed or refused to do so.

17.     Plaintiffs' properties were impounded and the animals were taken to defendant's animal shelter facility in Multnomah County where they were then held, ostensibly pursuant to ORS 167.345(2). Again, defendant utilized the full assistance and services of MCAS, MCSO, and MCDA in impounding and holding the animals.

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 5

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

18.    The animals, having been impounded under ORS 167.345(4)(a)(2), were therefore held at an animal care facility in disregard of, and antagonism to, the warrant authorizing their seizure not lawfully authorizing any "holding" at such a facility.

19.    In addition, Multnomah County Code ("MCC") Section 13.505(B) stated as of August 11, 2020 that "Any animal may be impounded and held at the facility when it is the subject of a violation of this chapter, when an animal requires protective custody and care because of mistreatment or neglect by its owner or keeper or when otherwise ordered impounded by a court, a hearings officer, or the director."

20.    In addition, MCC 13.505(D)(1) states that impoundment is subject to specific holding period and notice requirements in that "an animal bearing identification of ownership shall be held for 144 hours from the time of impoundment, and under which defendant was then statutorily required to then make reasonable efforts by phone to give notice of the impoundment to plaintiffs as the animals' owners or keepers, and under which defendant was also statutorily obligated to advise plaintiffs of the impoundment, the date by which redemption must be made, and the fees payable prior to redemption release".

21.    In addition, MCC 13.505(E)(1) specifically states in relevant part that "Any impounded animal shall be released to the owner or keeper or the owner's or keeper's authorized representative upon payment of impoundment, care, rabies, vaccination deposits, license fees, past due fines, and all fees and deposits related to potentially dangerous dog regulations..."

22.    Upon learning of plaintiffs' animals' retention at defendant's shelter, a letter was sent to defendant dated August 14, 2020 which:

a) identified all of the applicable statutory requirements;

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 6

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

b) demanded compliance with the specific code sections involved including the requirements of MCC 13.505(D)(1);

c) demanded defendant's provision of the required information in writing as to plaintiffs' properties;

d) tendered payment, per MCC 13.505(E)(1), for the cost of the impoundment, care, rabies, vaccination deposits, license fees, past due fines, and all fees and deposits related to potentially dangerous dog regulations as to every one of the animals at issue; and,

e) demanded, per MCC 13.505(E)(1), that every one of the impounded animals therefore be immediately released back to plaintiffs.

23.     On August 17, 2020, the date on which the statutory 144 hours had thereby passed since plaintiffs' properties had been impounded, defendant did not respond to the letter, did not comply with any of the requirements of MCC 13.505(D)(1) as it was obligated to, and did not return any of the animals to any plaintiff.

24.     On August 19, 2020, two days after the date on which the statutory 144 hours under MCC 13.505(D)(1) had passed since plaintiffs' properties had been impounded, plaintiffs filed a complaint for declaratory relief and for replevin of the properties in a state civil action entitled Woofin Palooza LLC et. al. v. Multnomah County Animal Services, Multnomah County Circuit Court case number 20CV28978 ("the state declaratory relief action"), since defendant did not respond to the letter or comply with any of the requirements of MCC 13.505(D)(1) as it was obligated to and would not return any of the animals to any plaintiff.

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

25.     On November 19, 2020, after hearing was held on certain motions filed in the state declaratory relief action, the Honorable Angel Lopez issued an order granting plaintiffs' the declaratory relief they had sought, holding as a matter of law that:

"a. As of August 11, 2020, plaintiff Kassandra Marie Cunningham was the sole and exclusive legal owner of the animals "Ridley", a male poodle, "Tali", a female poodle, and "Ramsey", a male terrier mix, with superior title in them over defendant, and legal ownership of them remained with plaintiff Cunningham as of that date and has not been relinquished by plaintiff Cunningham via any act of sale, gift, abandonment, operation of law, or via any other valid conveyance.

b. As of August 11, 2020, plaintiff Jeri Miller was the sole and exclusive legal owner of the animals "Pixel", a female Yorkshire terrier mix, "Dougal", a male poodle mix, and "Finnegan", a male Scottish terrier, with superior title in them over defendant, and legal ownership of them remained with plaintiff Jeri Miller as of that date and has not been relinquished by plaintiff Jeri Miller via any act of sale, gift, abandonment, operation of law, or via any other valid conveyance.

c. As of August 11, 2020, plaintiff Samantha Miller was the sole and exclusive legal owner of the animals "Keeva", a female terrier mix and "Lundy", a male Scottish terrier, with superior title in them over defendant, and legal ownership of them remained with plaintiff Samantha Miller as of that date and has not been relinquished by plaintiff Samantha Miller via any act of sale, gift, abandonment, operation of law, or via any other valid conveyance.

d. As of August 11, 2020, plaintiff Natalie Rose was the sole and exclusive legal owner of the animals "Zuess", a male English mastiff, "Wilson", a male mastidoodle, and

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1  "Bobble", a five month old kitten, with superior title in them over defendant, and legal

2  ownership of them remained with plaintiff Rose as of that date and has not been

3  relinquished by plaintiff Rose via any act of sale, gift, abandonment, operation of law, or

4  via any other valid conveyance.

5  e. As of August 11, 2020, plaintiff Dezirae Jean Fenske was the sole and exclusive legal

6  owner of the animals "Whiskers", a female Yorkshire terrier mix and "Tigress", a female

7  terrier Chihuahua mix, with superior title in them over defendant, and legal ownership of

8  them remained with plaintiff Fenske as of that date and has not been relinquished by

9  plaintiff Fenske via any act of sale, gift, abandonment, operation of law, or via any other

10  valid conveyance.

11  f. As of August 11, 2020, the corporate plaintiff was the sole and exclusive legal owner

12  of the other animals listed in Exhibit A and all of the personal properties at issue in this

13  action with superior title in them over defendant, and legal ownership of them remained

14  with the corporate plaintiff as of that date and has not been relinquished by that plaintiff

15  via any act of sale, gift, abandonment, operation of law, or via any other valid

16  conveyance.

17  g. Defendant has acquired no title in the animals and other personal properties at issue in

18  this action, and any claim of title or right defendant asserts in them is inferior to

19  any plaintiff's title and right.

20  h. At present, plaintiffs' good and valuable title in the animals and other personal

21  properties supersedes all competing claims to title in them by defendant and plaintiffs are

22  therefore currently their true and exclusive legal owners."

23  26.    Defendant did not seek reconsideration or judicial review of that order.

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 9

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

27.     Since the date of that order affirmatively determining that the plaintiffs'
properties were solely and exclusively owned by plaintiffs, and since December 1, 2020, when
the Honorable Angel Lopez of the Multnomah County Circuit Court stated in open court that "it
has already been determined that plaintiffs are the owners of all the properties", defendant has
nevertheless refused to return any of the animals or other properties to plaintiffs but continues to
hold them without lawful authority.

28.     In addition, since the date of the impoundment on August 11, 2020, defendant has
misrepresented numerous times to plaintiffs, to the public, and to judicial officials, including by
explicit misrepresentations by an Assistant District Attorney for MCDA, that "criminal charges
will be brought" against plaintiffs, yet, four months after the seizure no charges have been
brought, nor is there any basis to bring any charges. In spite of being aware that no basis exists,
and having been aware that no basis exists as of August 11, 2020, defendant nevertheless
continues, through MCDA as its agent, to threaten to do so.

29.     Plaintiffs are informed and believe that, starting back around June of 2020,
defendant, in its execution of its investigatory and/or administrative functions and through an
awareness of, participation in, and direct knowledge of, complaints, citations, disputes, and
hearings involving plaintiffs, became actually and/or constructively aware of them and their
lawful activities at and around 2310 NE 82nd Avenue in Portland, Oregon. From June of 2020 to
the present, defendant either knew or should have known that plaintiffs were the lawful owners
of plaintiffs' animals, and that there was no competent evidence that any animal-related criminal
statute had in fact been violated by any plaintiff.

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 10

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

30.     Plaintiffs are informed and believe that defendant nevertheless disapproved personally of plaintiffs and of their lawful activities, and became antagonistic to, irritated about, and upset at them, and consequently, in the execution of their investigatory and/or administrative functions, developed animus toward plaintiffs and began aggressively investigating and surveilling plaintiffs with an aim toward personally harming them, shutting down their private lawful operations, and driving them out of the County in spite of the fact that plaintiffs were the lawful owners of plaintiffs' animals and that there was no competent evidence that any criminal statute had in fact been violated by any plaintiff in any manner.

31.     Plaintiffs are informed and believe that defendant's decisions to issue warrants against plaintiffs; to seize plaintiffs' valuable properties; and to unlawfully hold and withhold those properties under baseless threats to arrest, charge, and prosecute plaintiffs sometime in the unidentified future in spite of the lawful conduct of plaintiffs, were decisions based in significant part on the animus which defendant, through the execution of its investigatory and/or administrative functions, had developed toward plaintiffs personally.

32.     Plaintiffs are informed and believe that defendant's animus was revealed in part by defendant's actions in the seizure on August 11, 2020, in refusing to comply with the specific directions of the warrant to only seize "neglected and/or abused animals", and in seizing each and every animal on the premises regardless of whether the animal was or was not "neglected and/or abused" in spite of having the time, resources, knowledge, power, and opportunity to make careful and responsible determinations of whether any particular animal on the premises was in fact "neglected and/or abused".

33.     Plaintiffs are informed and believe that defendant's animus was also revealed in part by defendant's actions after the seizure of August 11, 2020, in returning numerous animals

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1  which had been seized back to other owners, often without even requiring any objective proof of

2  ownership at all, yet at the same time refusing to return plaintiffs' properties back to plaintiffs

3  even in spite of plaintiffs' provision of equivalent or better proof of ownership.

4      34.    Plaintiffs are informed and believe that defendant's animus was also revealed in

5  part by defendant's actions in refusing to return plaintiffs' properties to them in spite of a valid

6  and unchallenged state court order and the direct statements of a state court judge conclusively

7  establishing plaintiffs' sole and exclusive ownership of the properties.

8

9      35.    Plaintiffs are informed and believe that defendant's animus was also revealed in

10  part by defendant's repeated public misrepresentations, including explicit misrepresentations by

11  an Assistant District Attorney for MCDA, that "criminal charges will be brought" against

12  plaintiffs when there is no basis to bring any charges, and throughout a four month period since

13  the seizure during which that agent of defendant continued and continues to threaten to do so yet

14  does not do so knowing that they cannot do so with any valid factual basis.

15

16      36.    Plaintiffs are informed and believe that at every point upon and since defendant

17  having a warrant issued against plaintiffs; upon seizing plaintiffs' valuable properties; and upon

18  unlawfully holding and withholding those properties under baseless threats to arrest, charge, and

19  prosecute plaintiffs in spite of the lawful conduct of plaintiffs, defendant either knew or should

20  have known that plaintiffs were the lawful owners of plaintiffs' animals and other properties and

21  that there was no competent evidence that any criminal statute had in fact been violated by

22  plaintiffs, and should have made further and more competent investigation engaging in that

23  pattern of conduct by its officers and agents, and should have considered and weighed the

24  reliability and validity of the source, availability, usefulness, and veracity of information

25

26

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 12

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1 obtained about plaintiffs and their actions in assessing and responding to that pattern of conduct,

2 yet did not do so adequately or competently.

3       37.     As of August 11, 2020, the date of the seizure of plaintiffs' properties, defendant

4 had the ability to enact and implement procedures which would have enabled it to obtain legal

5 ownership of plaintiff's properties through pre-conviction forfeiture proceedings per ORS

6 167.347, providing for forfeiture of an accused person's animal to an animal care agency prior to

7 the disposition of a criminal charge against the person. In addition, MCC 13.999(D)(4) enables

8 the Director of Multnomah County Animal Services as an official of the County, to use county

10 code procedures to formally "suspend the animal owner's or keeper's right to own or keep any

11 animal in the county for a period of time specified by the director or hearings officer." Defendant

12 nevertheless did not enact or implement any such procedures.

13      38.     In addition, as of August 11, 2020, the date of the seizure of plaintiffs' properties,

14 defendant had the ability to enact and implement procedures which would have enabled it to

15 place a lien on plaintiffs' properties through the assertion of lien rights per ORS 133.377(3), and

16 to foreclose that lien and obtain legal ownership of plaintiffs' properties in a manner under ORS

17

18 87.159(1) enabling "a governmental agency that, transports, pastures, feeds, cares for or provides

19 treatment to an animal that has been impounded under ORS 167.345" to foreclose on that lien in

20 a manner per ORS 87.159(2)(d), as well as to allow "any person who has an ownership interest

21 in any impounded animal" to file a written petition challenging that lien and obtaining return of

22 the animal in a manner under ORS 87.159(2)(a). Defendant nevertheless did not enact or

23 implement any such procedures.

24

25

26

CIVIL RIGHTS COMPLAINT FOR EQUITABLE                    Geordie Duckler, P.C.
RELIEF AND DAMAGES - 13                                  9397 SW Locust St.
                                                            Tigard, OR 97223
                                                      Telephone: (503) 546-8052
                                                   geordied@animallawpractice.com

39.     Plaintiffs are informed and believe that at all relevant times hereto, defendant did not have an officially adopted policy, written rule, or regulation regarding the proper conveyance of the legal ownership of animals which had been impounded by a county officer from citizens engaging in lawful conduct, but instead employed, maintained or utilized a practice, usage, or custom which had the force of law in which county officers would impound animals of citizens engaging in lawful conduct without first inquiring into, investigating, or utilizing procedures providing for the proper conveyance of the legal ownership of such animals.

40.     Plaintiffs are informed and believe that, at all relevant times hereto, defendant had constructive knowledge of that practice or custom, yet failed to alter, correct, modify, or eliminate it, and had constructive knowledge of the appropriate practice or custom of proper conveyance of the legal ownership of such animals, yet failed to implement or utilize it.

41.     Alternatively, plaintiffs are informed and believe that at all relevant times hereto, defendant's actual practice, usage, or custom regarding the conveyance of the legal ownership of such animals was to simply seize them, to hold them without following county code or state statutory requirements entitling legal ownership to be properly conveyed, and to then either assume or proclaim that the animals' ownership had been conveyed to defendant when it had not actually been so conveyed by the correct operation of any law, regardless of any written policy, rule, or regulation regarding properly or validly dealing with such animals or circumstances.

42.     Plaintiffs are informed and believe that, at all relevant times hereto, defendant had constructive knowledge of that practice or custom, yet failed to alter, correct, modify, or eliminate it.

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 14

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1    43.    Alternatively, plaintiffs are informed and believe that at all relevant times hereto,

2    defendant had failed to train or supervise its officers as to adequately, properly or competently

3    inquire into, investigate, or utilize methods for the proper conveyance of the legal ownership of

4    such animals through the correct use of county code provisions and/or state statutes.

5    44.    Plaintiffs are informed and believe that, at all relevant times hereto, defendant was

6    either on actual or constructive notice of a pattern of its officers or an officer seizing such

7    animals, holding them without following county code or state statutory requirements about legal

8    ownership, and either assuming or proclaiming that the animals' legal ownership had been

9    conveyed to defendant when it had not actually been so conveyed by the correct operation of any

10   law, without first inquiring into, investigating, or utilizing appropriate procedures, and that

11   defendant thereafter failed to conduct any training or supervising to address, rectify or resolve

12   the problem.

13   45.    Throughout the four month period between the August 11th seizure of plaintiffs'

14   animals and other properties and the filing of this federal civil rights action, defendant has never

15   complied with any of the requirements of MCC 13.505(D)(1).

16

17   46.    Throughout the four month period between the August 11th seizure of plaintiffs'

18   animals and other properties and the filing of this federal civil rights action, defendant has never

19   instituted pre-conviction forfeiture proceedings per ORS 167.347.

20

21   47.    Throughout the four month period between the August 11th seizure of plaintiffs'

22   animals and other properties and the filing of this federal civil rights action, defendant has never

23   instituted pre-conviction forfeiture proceedings per ORS 167.347.

24

25

26

CIVIL RIGHTS COMPLAINT FOR EQUITABLE                    Geordie Duckler, P.C.
RELIEF AND DAMAGES - 15                                 9397 SW Locust St.
                                                        Tigard, OR 97223
                                                        Telephone: (503) 546-8052
                                                        geordied@animallawpractice.com

48.     Throughout the four month period between the August 11th seizure of plaintiffs' animals and other properties and the filing of this federal civil rights action, defendant has never asserted lien rights per ORS 133.377(3) or sought to foreclose any lien rights in order to obtain legal ownership of plaintiffs' properties per ORS 87.159(1).

49.     Throughout the four month period between the August 11th seizure of plaintiffs' animals and other properties and the filing of this federal civil rights action, defendant has never instituted criminal charges against any plaintiff at all.

50.     Since their original acquisition by plaintiffs, plaintiffs have asserted all exclusive legal rights, privileges, interests, powers, title, and obligations in their own animals and other properties against all others claiming such a right, and plaintiffs' claims of ownership are superior to all other claims of right or interest, and have been confirmed to be exclusive by the issuance of a valid and unchallenged state court order expressly stating that such is true.

51.     At no time since their original acquisition by plaintiffs, have plaintiffs ever relinquished ownership of their own animals or other properties to defendant, assigned rights in them to defendant, waived rights in them to defendant, ceded any authority or granted any permission to defendant nor to any agent of defendant to do so, nor has ownership of their own animals or other properties ever been conveyed to defendant through any sale, gift, abandonment, or via operation of law, a fact conclusively established by a valid and unchallenged state court order.

52.     As a direct consequence of defendants' actions and/or omissions in wrongfully holding and withholding plaintiffs' properties and in all of the regards recited above, plaintiffs have incurred a) special injuries in the form of damages in the amount of the special value of the animals that have been taken and wrongfully held and withheld, and the reasonable expenses in

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 16

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

court costs and fees in consulting with and retaining counsel to aid them and represent them in legal proceedings on those issues, and b) general injuries in the form of damages in amounts to compensate plaintiffs for their distress, humiliation, injury to feelings and reputation, and stress, all as more specifically set forth in the prayer below.

FIRST CLAIM FOR RELIEF –
VIOLATION OF FEDERAL STATUTE (42 U.S.C. Section 1983)

53.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-52, inclusive, as set forth above.

54.    At all relevant times hereto, defendant was in a position to provide for pre-deprivation process. Plaintiffs have been deprived of the possession, use, and enjoyment of their own animals and other properties as their valuable personal properties since August 11, 2020. Defendant could have anticipated the risk of plaintiffs' deprivation, yet defendant did not enact or implement any procedures a) enabling it to obtain legal ownership of plaintiffs' properties through pre-conviction forfeiture proceedings, b) enabling it to place a lien on plaintiffs' properties through the assertion of lien rights and then foreclosure of that lien to obtain legal ownership of plaintiffs' properties, or c) enabling it to obtain legal ownership of plaintiffs' properties through any other proceeding in accordance with law.

55.    Defendant should have provided any or all such additional procedures as a safeguard. The administrative burden and other societal costs associated with providing such additional procedural protections was low compared with the value of the protections that would have been afforded plaintiffs had any or all of the additional procedural protections been enacted and implemented. Defendant did not do so and has thus unlawfully deprived plaintiffs of their own animals and other properties as their valuable personal properties.

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 17

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

56.     Plaintiffs therefore currently have and have had rights of procedural due process, currently possess and have possessed constitutionally protected property interests in their animals and other properties as the properties at issue, and currently are and have been deprived of those due process and property interests without due process of law as a result of defendant's refusal to enact or implement the additional procedural protections as stated above.

57.     Since August 11, 2020, by its actions and omissions as recited above, defendant has therefore directly caused a significant restriction upon and interference with plaintiffs' individual rights to procedural due process and to rights of possession and use of personal properties in violation of Amendments IV and V, as applied to defendant's actions under color of state law through Amendment XIV of the United States Constitution, actions which are therefore as well a violation of federal statutory provisions under 42 U.S.C. 1983 et seq.

58.     In refusing to enact or implement the additional procedural protections as stated above, defendant has exercised power possessed by virtue of state law and made possible only because defendant as the wrongdoer is clothed with the authority of state law, and has therefore acted under color of state law in so refusing to enact or implement such additional procedural protections and in committing the restrictions and interferences as specifically described above.

59.     Plaintiffs are granted a private right of action under 42 U.S.C. Section 1983 to bring private civil claims for relief against defendant for such misconduct.

60.     Defendant's conduct in refusing to enact or implement additional procedural protections and/or to return plaintiffs' exclusively owned personal properties in spite of being able to provide for pre-deprivation process and in spite of being required to return the exclusively owned personal properties, is the result of action on the part of the defendant as a government entity in which it has implemented or executed a policy statement, ordinance,

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 18

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1    regulation, or decision officially adopted and promulgated by that body's officers, and/or is the

2    result of the defendant's custom.

3         61.     The deprivation of plaintiffs' rights of procedural due process and of their

4    personal properties is a result of an official policy or custom made by defendant's lawmakers or

5    by those whose edicts or acts may fairly be said to represent defendant's official policy, and/or is

6    a result of an inadequate opportunity to obtain a remedy or an inadequate state law remedy by

7    the state to enforce its law. The constitutional deprivation has been visited on plaintiffs pursuant

8    to governmental custom regardless of whether such a custom has ever received formal approval

9

10   through defendant's official decision-making channels.

11        62.     The deprivations have resulted in and directly caused plaintiffs to suffer damages

12   and deprivations in amounts and types more specifically set forth in the prayer below.

13        63.     In addition, as of August 11, 2020, and at all relevant times hereto, plaintiffs

14   possessed a protected property interest in their animals and other properties as the valuable

15   personal properties at issue, and are and have been deprived of that specific property interest as a

16   result of defendant's failure to follow applicable County code requirements under MCC

17

18   13.505(D)(1) as described and stated above.

19        64.     By its actions, defendant has therefore directly caused a significant restriction

20   upon and interference with plaintiffs' individual rights to possess and use personal property, an

21   interference that is in violation of federal statutory provisions under 42 U.S.C. 1983.

22        65.     Defendant is liable for the underlying violation committed by its agents as non-

23   policymaking employees where defendant's policies, practices, or procedures as alleged above

24

25   were objectively deliberately indifferent to the likelihood that this particular violation would

26   occur.

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 19

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1      66.     The deprivations alleged were due in part to defendant not having an officially adopted policy, written rule, or regulation regarding the valid conveyance of the legal ownership of such animals and other properties, but instead by it employing, maintaining or utilizing a practice, usage, or custom which had the force of law in which officers seize such animals and other properties, hold them without following county code or state statutory requirements, and either simply assume or proclaim that the legal ownership of the animals and other properties had been conveyed to the defendant when it had not actually been so conveyed by the appropriate operation of any law, without first inquiring into, investigating, or utilizing correct legal procedures, all of which resulted in and directly caused plaintiffs to suffer damages in amounts more specifically set forth in the prayer below.

      67.     Alternatively, the deprivations alleged were due to defendant having failed to train or supervise its officers or agents how to adequately, properly or competently inquire into, investigate, or utilize the valid conveyance of legal ownership of the animals and other properties, where defendant was on actual or constructive notice of a pattern of its officers or an officer seizing such animals and properties, holding them without following county code requirements or state statute, and either assuming or proclaiming that the legal ownership of the animals and other properties had simply been conveyed to defendant when it had not actually been so conveyed by the appropriate operation of any law, without first inquiring into, investigating, or utilizing correct legal procedures, and thereafter failing to conduct any training or supervising to rectify the problem, all of which resulted in and directly caused plaintiffs to suffer actual and compensatory damages in amounts more specifically set forth in the prayer below.

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

SECOND CLAIM FOR RELIEF –
REPLEVIN (Fed.R.C.P. 64(b) and ORCP 83)

68.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-52, inclusive, as set forth above.

69.    Plaintiffs currently have the only ownership property rights and interests in the animals and other properties at issue in this action, are the only owners of them, and are entitled to exclusive physical possession, custody, control, use, and enjoyment of them.

70.    Defendant has wrongfully held and withheld the animals and other properties from plaintiffs' possession, custody, control, use, and enjoyment, and currently retains them in its possession or control even though it does not enjoy legal title to them, nor possess any legal interest or right in them superior to plaintiffs' rights.

71.    Plaintiffs seek the immediate delivery of their animals and other properties, including the inanimate properties, back to their possession and intend to utilize provisional process pursuant to Fed.R.C.P. 64(b) and local rule Oregon Rule of Civil Procedure 83 in order to obtain that delivery before trial.

REQUEST FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1.    For actual and compensatory damages of $500,000.00 and for statutory interest thereon for plaintiff Woofin Palooza, LLC;

2.    For actual and compensatory damages of $500,000.00 and for statutory interest thereon for plaintiff Samantha Miller;

3.    For actual and compensatory damages of $500,000.00 and for statutory interest thereon for plaintiff Jeri Miller;

4.    For actual and compensatory damages of $500,000.00 and for statutory interest thereon for plaintiff Kassandra Marie Cunningham;

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 21

5.      For actual and compensatory damages of $500,000.00 and for statutory interest thereon for plaintiff Natalie Rose;

6.      For actual and compensatory damages of $500,000.00 and for statutory interest thereon for plaintiff Dezirae Jean Fenske;

7.      For the immediate return of the 104 dogs and cats and the inanimate properties identified in paragraph 12 above to plaintiff Woofin Palooza, LLC's possession;

8.      For the immediate return of the animals "Keeva", a female terrier mix and "Lundy", a male Scottish terrier to plaintiff Samantha Miller's possession;

9.      For the immediate return of the animals "Pixel", a female Yorkshire terrier mix, "Dougal", a male poodle mix, and "Finnegan", a male Scottish terrier to plaintiff Jeri Miller's possession;

10.     For the immediate return of the animals "Ridley", a male poodle, "Tali", a female poodle, and "Ramsey", a male terrier mix to plaintiff Kassandra Marie Cunningham's possession;

11.     For the immediate return of the animals "Zuess", a male English mastiff, "Wilson", a male mastidoodle, and "Bobble", a five month old kitten to plaintiff Natalie Rose's possession;

12.     For the immediate return of the animals "Whiskers", a female Yorkshire terrier mix and "Tigress", a female terrier Chihuahua mix to plaintiff Dezirae Jean Fenske's possession;

13.     For costs of suit incurred herein;

14.     For reasonable attorneys fees pursuant to 42 U.S.C. Section 1988; and,

15.     For such other and further relief as the Court may deem just and proper.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY IN THIS ACTION.

DATED: December 7, 2020                    GEORDIE DUCKLER, P.C.


By: _____
Geordie Duckler, OSB #873780
Attorney for Plaintiffs

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com

1

2

3

4

5

Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Oregon 97223
Telephone: (503) 546-8052
Facsimile: (503) 241-5553
geordied@animallawpractice.com
Attorney for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CIVIL RIGHTS COMPLAINT FOR EQUITABLE
RELIEF AND DAMAGES - 23

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223
Telephone: (503) 546-8052
geordied@animallawpractice.com