JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Nathan D. Sramek, OSB No. 140173
Assistant County Attorney
Multnomah County Attorneys
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
E-mail: nathan.sramek@multco.us
   *Of Attorneys for Defendants Multnomah County,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| WOOFIN PALOOZA, LLC, ET AL.;<br><br>Plaintiff,<br><br>v.<br><br>MULTNOMAH COUNTY, a municipality;;<br>Defendant. | Civil Case No. 3:20-CV-02125-YY<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' PETITION FOR RETURN OF PROPERTY** |

**INTRODUCTION**

On December 10, 2020, Plaintiffs filed a petition seeking immediate return of property seized under two criminal search warrants. Although new to this Court, the petition reflects, at the least, Plaintiffs' fourth attempt to secure return of that property during an ongoing criminal investigation. Having been denied the relief they now seek on three prior occasions—most recently, on January 14, 2021—Plaintiffs now invite this Court to do what the Multnomah County Circuit Court has repeatedly refused: Apply the provisional-process provisions of the

Page 1 – DEFENDANT'S RESPONSE TO PLAINTIFFS' PETITION FOR RETURN OF
  PROPERTY

Oregon Rules of Civil Procedure in a way that interferes with an ongoing criminal investigation. This Court should decline, and Plaintiffs' petition should be denied.

## BACKGROUND

On August 10, 2020, Magistrate Judge Angela Lucero of the Multnomah County Circuit Court issued a search warrant authorizing the Portland Police Bureau and Multnomah County Animal Services to seize, among other evidence, "any and all neglected and/or abused animals, born and unborn, on the property, to ensure their immediate welfare, and as evidence of the crime of Animal Neglect in the Second Degree, ORS 167.325." Declaration of Nathan D. Sramek ("Sramek Decl."), Ex. 1, p. 12. The warrant also "specifically authoriz[ed] Multnomah County Animal Services and their agents to impound all neglected animals located on the premises under ORS 167.345(2)." *Id.*, pp. 12–13. As Plaintiffs acknowledge in their complaint, law enforcement agents served that search warrant on August 11, 2020, and seized the property at issue in this action. Compl. [Doc. 6], ¶ 11. Two weeks later, Magistrate Judge Jerry Hodson issued a second search warrant, authorizing law enforcement agents to review and analyze video footage seized during their initial search. Sramek Decl., Ex. 2.

One week later, Plaintiffs initiated their first attempt to secure return of the seized property. On August 19, 2020, Plaintiffs filed a civil complaint in Multnomah County Circuit Court. Sramek Decl., Ex. 3. The complaint sought a declaration that Plaintiffs legally owned the property seized during the execution of the search warrant and, under Rules 83 and 85 of the Oregon Rules of Civil Procedure ("ORCP"), immediate return of the property. *Id.* At the same time, Plaintiffs filed a *Petition for Replevin to be Issued as Provisional Process under ORCP 83 and 85*. Sramek Decl., Ex. 4. Judge Hodson held argument on August 28, 2020, and denied Plaintiffs petition. Sramek Decl., Ex. 5.

Plaintiffs' initiated their second attempt to secure return of the property two months later. On October 16, 2020, they filed a *Motion for Return of Animals and Other Property* under ORS 133.633, arguing that the property should be returned because it was no longer of evidentiary value.[1] Sramek Decl., Ex. 6. Respondent in that matter, the Multnomah County District Attorney, opposed Plaintiffs' motion, arguing that there was "obvious evidentiary value in the animals themselves" and the delay in filing criminal charges stemmed from the scope of the investigation. Sramek Decl., Ex. 7, p. 5.

> There were 117 animals seized pursuant to the warrant ordered. As recently as this past Friday November 6, 2020, the health of the animals seized was significantly compromised and that there is still ongoing veterinary medical care being rendered on an ongoing basis. While a criminal case has not yet been filed by the State against defendant Head, there is ongoing investigation into multitude of crimes defendant committed so that charges may be brought include charges on animal abuse and neglect among many other charges. In fact, the only reason there is not yet a criminal case pending is because the extent and breath of the crimes is so overwhelming that the multitude of investigators and other professionals involved are still working through much of the evidence and the veterinary treatment is ongoing.

*Id.* Judge Lucero held argument on November 9, 2020, and the motion was denied from the bench.

Plaintiffs initiated their third attempt to secure return of the property on January 6, 2021, when they filed a *Motion for Order to Show Cause under ORCP 83F*. Sramek Decl., Ex. 8. The Court heard argument on January 14, 2021. At that hearing, a Deputy District Attorney appeared and testified that the criminal investigation was ongoing, and that she anticipated state and

---

[1] ORS 133.633, discussed in more detail below, provides the statutory mechanism to move for return of property seized pursuant to a search warrant in Oregon state courts. Plaintiffs sought return on the grounds that the property was "no longer needed for evidentiary purposes." ORS 166.643(4)

Page 3 – DEFENDANT'S RESPONSE TO PLAINTIFFS' PETITION FOR RETURN OF PROPERTY

federal charges would be filed.[2] At the close of the hearing, the Court denied Plaintiffs' request for return of the property, citing the ongoing nature of the criminal investigation.

# ARGUMENT

**A.   Provisional process is not the appropriate vehicle to obtain return of property seized under a valid search warrant.**

As framed in their Petition, "Plaintiffs' claim to entitlement to replevin as provisional process is based on plaintiffs' rights of sole legal ownership of the properties."[3] Multnomah County does not contest Plaintiffs' claim of legal ownership; nor does it claim ownership of the property seized. Instead, Multnomah County disputes Plaintiffs' entitlement to immediate *possession* of property seized pursuant to a valid search warrant.

As an initial matter, despite a passing allegation that there was "no competent evidence that any criminal statue had in fact been violated by plaintiffs," Compl., ¶¶ 29, 30, 36; Plaintiffs do not appear to challenge the lawfulness of the search warrant that authorized seizure of their property in this action. That warrant directed Multnomah County Animal Services to "impound all neglected animals located on the premises under ORS 167.345(2)" and to provide adequate food, water, and veterinary care as required by ORS 167.345(4). Sramek Decl., Ex. 1, p. 13; *see also* ORS 133.537 (requiring Multnomah County to take "reasonable steps to safeguard and protect the things seized). Instead of challenging the lawfulness of that warrant, Plaintiffs suggest that, because no criminal charges have been filed to date, the property should be returned immediately. The appropriate mechanism for that determination is a motion under ORS 133.633.

---

[2] Defense counsel has learned that federal law enforcement agents executed a search warrant at Plaintiffs' place of business on January 20, 2021.

[3] Plaintiffs also allege they are entitled to provisional process as a result of Multnomah County's "misconduct." Leaving aside the issue of whether "misconduct" is a basis for provisional process under ORCP 83, as Multnomah County explains further below, neither of the identified instances of "misconduct" are relevant to this action.

Under ORS 133.633, "[a]n individual from whose person, property or premises things have been seized may move the appropriate court to return things seized." In cases, like this, where criminal charges have not yet been filed, the statute defines the "appropriate court" as "the court to which the warrant was returned." ORS 133.633(2)(b). And importantly, the statute requires the motion to be served on the district attorney, recognizing her role in the investigation and prosecution of crimes. ORS 133.633(3). Finally, the motion must "be based on the ground that the movant has a valid claim to rightful possession" upon "the court's determination that [the things seized] are no longer needed for evidentiary purposes." ORS 133.643.

As noted above, Plaintiffs' filed a motion under ORS 133.633, Sramek Decl., Ex. 6, and it was denied. In the absence of an order to return the property seized pursuant to the search warrant, Plaintiffs are not entitled to immediate possession of their property: It has been seized subject to the constitutional protections of the Fourth Amendment. Because they are not entitled to the immediate possession of their property, Plaintiffs' petition must be denied.

**B.      Plaintiffs have failed to establish that they are entitled to provisional process.**

Assuming for the sake of argument that ORCP 83 and 85 may be used to derail an ongoing criminal investigation, Plaintiffs have failed to establish that they are entitled to the relief they seek. Plaintiffs seek an order of claim and delivery under ORCP 85, which provides that, "[i]n an action to recover the possession of personal property, the plaintiff, at any time after the action is commenced and before judgment, may claim the immediate delivery of such property, as provided in Rule 83." In turn, ORCP 83 A(12) requires Plaintiffs to establish, among other things, that "there is no reasonable probability that the defendant can establish a successful defense to the underlying claim."

Page 5 – DEFENDANT'S RESPONSE TO PLAINTIFFS' PETITION FOR RETURN OF
         PROPERTY

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

Here, Plaintiffs' have articulated their underlying claim as one for replevin, and they seek claim and delivery as a remedy. *See Ylvich v. Kalafate*, 162 Or. 365, 371, 92 P.2d 178 (1939) ("An action to recover the possession of specific personal property, although designated as one for "claim and delivery" * * * is substantially the ancient remedy of replevin."). In order to prevail on that claim, Plaintiffs must establish that Multnomah County wrongfully detained the property at issue, and that Plaintiffs have the "right to its *immediate possession*." *Id.*; *see also City of Portland v. Berry*, 86 Or. App. 376, 379, 739 P.2d 1041 (1987) ("As a general rule, an action for replevin will lie for recovery of personal property to which the plaintiff has the right to immediate possession."). Plaintiffs can establish neither.

As explained above, the property was seized pursuant to a search warrant "as evidence of the crime of Animal Neglect in the Second Degree, ORS 167.325." Sramek Decl., Ex. 1, p. 12. Multnomah County Animal Services was explicitly instructed to "impound all neglected animals located on the premises under ORS 167.345(2)." *Id.*, p. 13. On at least three occasions, the Multnomah County Circuit Court has relied on that warrant to deny Plaintiffs' the relief they now seek. Those denials also underscore Plaintiffs' inability to establish the right to immediate possession: in the absence of an order returning the seized property to Plaintiffs, under ORS 133.633, the fact that they are the owners of the property has no bearing on their right to immediate possession.

**C.    Neither Multnomah County Code 13.505 nor ORS 167.347 entitle Plaintiffs to immediate possession of the property.**

Finally, Plaintiffs contend they are entitled to immediate possession of the property because Multnomah County committed "misconduct" by failing to comply with Multnomah County Code ("MCC") Section 13.505 and ORS 167.345. Plaintiffs are wrong on both points.

With respect to the Multnomah County Code, Plaintiffs contend that Multnomah County was obligated to release their animals after 144 hours. Plaintiffs' are wrong. MCC § 13.505 authorizes Multnomah County Animal Services to impound an animal under various circumstances, including when an animal has been "otherwise ordered impounded by a court." When, as here, the animal is impounded by order of a court, it is not subject to release until Multnomah County Animal Services receives a "written order of release from the court of competent jurisdiction." MCC § 13.505(E)(1)(a). As noted, Plaintiffs have not obtained an order of release: Their motion for that order under ORS 133.633 was denied.

With respect to ORS 137.345, Plaintiffs acknowledge that subsection (4)(a) of the statute expressly allows the court to order any impounded animal "to be held at any animal care facility in the state." Pursuant to that authority, Judge Lucero authorized Multnomah County Animal Services and the Oregon Humane Society to "use other animal care providers as their agents to help fulfill their obligations under [ORS] 167.345(4)." Sramek Decl., Ex. 1, p. 13. Remarkably, Plaintiffs point to that order to suggest that Multnomah County cannot continue its impoundment of the animals. They do so by attempting to draw a distinction between a warrant that orders the seizure of animals, and a warrant that expressly authorizes those animals "to be held." But Plaintiffs' interpretation of the statute proves unworkable. If adopted, it would place law enforcement in an impossible position: Comply with an order to "impound" an animal without "holding" it. Again, Plaintiffs are wrong.

## CONCLUSION

The property at issue in this litigation was seized pursuant to a lawful search warrant, and is being held at the direction of the issuing court during a pending criminal investigation. They are not entitled to the immediate possession of that property, and their attempt to derail the

Page 7 – DEFENDANT'S RESPONSE TO PLAINTIFFS' PETITION FOR RETURN OF
         PROPERTY

ongoing criminal investigation through a replevin action should fail. Multnomah County respectfully requests that Plaintiffs' petition be denied.

DATED this 25th day of January, 2021

                                Respectfully submitted,

                                JENNY M. MADKOUR, COUNTY ATTORNEY
                                FOR MULTNOMAH COUNTY, OREGON

                                */s/ Nathan D. Sramek*_____
                                Nathan D. Sramek, OSB No. 140173
                                Assistant County Attorney
                                  *Of Attorney for Defendants*