IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERI MILLER,

           Plaintiff,

   v.

MULTNOMAH COUNTY,
a municipality,

           Defendant.

No. 3:20-cv-02125-YY

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge You issued a Findings and Recommendation on April 24, 2024, in which she recommends that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice. F&R, ECF 83. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 85. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Plaintiff's objections and reviewed the record and legal principles *de novo* and concludes that the Findings and Recommendation should be adopted in part.

The Court declines to adopt Judge You's conclusion that the *Rooker-Feldman* doctrine bars Plaintiff's claims. Although Judge You correctly found that at least some of Plaintiff's claims necessarily relied on the conclusion that the state court erred in its ruling that Plaintiff's dogs were lawfully seized and retained based on a criminal investigation, the Amended Complaint does not allege legal error by the state court or seek relief from a state court judgment. Plaintiff's claims are not a de facto appeal of a state court decision, so *Rooker-Feldman* does not apply. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("If a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.") (internal quotations omitted); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) ("*Rooker–Feldman* still does not bar these four causes of action. Kougasian does not, in these causes of action, allege legal errors by the state courts; rather, she alleges wrongful acts by the defendants, such as negligently designing the ski run and negligently placing or failing to remove the rock. It is true that factual allegations and legal claims in these four causes of action are almost identical

to the allegations and claims asserted in state court in *Kougasian I* and *II,* but that is not sufficient reason to find the causes of action barred by *Rooker–Feldman*.").

Judge You correctly concluded that Plaintiff fails to state a claim for relief. Plaintiff fails to state a claim for violation of the Fourth Amendment based on the seizure of her dogs. Plaintiff's dogs were seized pursuant to a warrant. Gilmore Decl. Ex. 2, ECF 72 (August 10, 2020, Warrant). Plaintiff does not argue that the warrant was not supported by probable cause or was otherwise invalid. Instead, she alleges that her dogs were not properly seized pursuant to the warrant because they were not abused or neglected. Am. Compl. ¶ 11, ECF 70. She alleges that Defendant could and should have determined whether her dogs were abused or neglected before seizing them and failed to do so. *Id.* This argument lacks merit. Defendant correctly asserts that the warrant was supported by probable cause and therefore permitted law enforcement to seize animals on the premises, including Plaintiff's dogs, as part of the investigation into abuse and neglect. Def. Mot. to Dismiss 9-13, ECF 71 (citing, among others, *Dawson v. City of Seattle*, 435 F.3d 1054, 1063 (9th Cir. 2006)). Officers were not required to determine whether Plaintiff's dogs were abused or neglected before seizing them. *C.f. Texas v. Cobb*, 532 U.S. 162, 173 (2001) (in the Sixth Amendment context, stating that it would not be realistic to expect police officers to be able to determine whether two offenses are closely related and tailor their investigations accordingly because "police often are not yet aware of the exact sequence and scope of events they are investigating—indeed, that is why police must investigate in the first place."). Taking as true Plaintiff's allegation that her own dogs were not abused or neglected, Defendant's conduct in seizing the dogs pursuant to a valid warrant did not violate the Fourth Amendment.

Judge You correctly concluded that Plaintiff cannot state a claim for pre-deprivation procedural due process violations under the Fourteenth Amendment because Oregon provides

adequate post-deprivation remedies. F&R 8-9. To the extent Plaintiff raises a post-deprivation procedural due process claim, it also fails. *See id.* at 9. Plaintiff's allegations that Defendant failed to follow certain procedures in the Multnomah County Code or Oregon statute are insufficient to allege a violation of due process under the United States Constitution. *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012).

Plaintiff also appears to allege a violation of her substantive due process rights and a takings claim. *See* Am. Compl. ¶¶ 55, 58. Both claims fail. Defendant correctly argues that any substantive due process claim fails because the conduct alleged does not "shock the conscience." Def. Mot. 20-21 (citing *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) ("The Supreme Court has made it clear, as the district court correctly recognized, that only official conduct that 'shocks the conscience' is cognizable as a due process violation.")). Plaintiff does not meet this high standard. The lawful seizure of her dogs did not violate her substantive due process rights. Retaining possession of the dogs pursuant to the lawful seizure did not constitute a substantive due process violation. Plaintiff's dogs were seized at a facility where there was probable cause to believe animals were being abused and neglected. The criminal investigation was ongoing during the time Defendant retained Plaintiff's dogs. The dogs were evidence in the investigation. Plaintiff has not plausibly alleged that the retention of her dogs shocked the conscience. And while the length of time Plaintiff was separated from her dogs was substantial, Judge You correctly stated that the public has a duty to provide evidence despite how burdensome it may be. F&R 10. Finally, Defendant correctly argues that the death of Plaintiff's dog in foster care could at most be the result of negligence, which is not enough to show a constitutional violation. Def. Mot. 20 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845, 848-9 (1998)). To the extent Plaintiff raises a substantive due process claim, it fails.

4 - ORDER

Any takings claim also fails. Defendant correctly cites *Scott v. Jackson Cnty.*, 297 F. App'x 623, 625-26 (9th Cir. 2008) for the proposition that when the government retains property for a criminal investigation, the Takings Clause is not implicated. Def. Mot. 15.

Judge You correctly concluded that Plaintiff's *Monell* claim fails because she fails to allege a constitutional violation. F&R 11. Judge You also properly denied Plaintiff's motion to strike one of Defendant's exhibits and declined to impose sanctions for including the exhibit. *Id.* at 11-12. Like Judge You, this Court did not rely on the challenged exhibit.

The Court adopts Judge You's recommendation to dismiss this case with prejudice because amendment would be futile. *Id.* at 12-13.

## CONCLUSION

The Court adopts in part and declines to adopt in part Magistrate Judge You's Findings and Recommendation [83]. Therefore, Defendant's Motion to Dismiss [71] is GRANTED. Plaintiff's Amended Complaint [70] is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: _____July 5, 2024_____.

_/s/ Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge

5 - ORDER